

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. AP-76,843, AP-76,844, AP-76,845, AP-76,846, AP-76,847, AP-76,848, AP-76,849, AP-76,850, AP-76,851, AP-76,852, AP-76,853, AP-76,854, AP-76,855, AP-76,856, AP-76,857, AP-76,858, AP-76,859, AP-76,860

### EX PARTE JAMES TIMOTHY BONHAM, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 26697, 26698, 26748, 26750, 26760, 26761, 26803, 26804, 26805, 26806, 26807, 26808, 26809, 26810, 26811, 26812, 26840 & 26841
### IN THE 354TH DISTRICT COURT
### FROM HUNT COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of thirteen charges of forgery, four charges of fraudulent use or possession of identifying information, and one charge of manufacture with intent to sell a counterfeit instrument. Pursuant to a plea agreement, Applicant was sentenced to twenty years'

imprisonment for each charge. He did not appeal his convictions.

Applicant contends that his sentences are illegal because the enhancements alleged in the indictments did not authorize his twenty-year sentences. We remanded the first seventeen applications to the trial court for findings of fact and conclusions of law. After remand, it is clear that Applicant's sentences in the seventeen state jail felonies are illegal. The trial court recommends granting relief. The State concedes that the case challenged in the WR-77,224-18 writ application, in which applicant's sentence is within the applicable punishment range, was part of the same plea agreement that authorized the seventeen illegal sentences. Applicant is entitled to relief in all of these cases.

Relief is granted. The judgments in Cause Nos. 26697, 26698, 26748, 26750, 26760, 26761, 26803, 26804, 26805, 26806, 26807, 26808, 26809, 26810, 26811, 26812, 26840, and 26841 in the 354th District Court of Hunt County are set aside, and Applicant is remanded to the custody of the Sheriff of Hunt County to answer the charges as set out in the indictments. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: August 22, 2012
Do not publish